**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

FRANK D'ANNUNZIO,
                    Appellant,

            v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
NY-0752-14-0148-I-1

DATE: February 26, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Steven Newman, Esquire, New York, New York, for the appellant.

Michael R. Salvon, Esquire, Windsor, Connecticut, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1        The appellant has filed a petition for review of the initial decision, which affirmed his removal for misconduct.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant was an EAS-25 Sales Manager for the agency. Initial Appeal File (IAF), Tab 10 at 12. Effective December 27, 2013, the agency removed him based on two charges: Misuse of Government Travel Card and Improper Conduct. *Id*. at 13-18. The first charge was based on the appellant's use of his government travel credit card to make more than 475 improper transactions between March 2010 and April 2013—purchases and cash advances that were either not work related or were in excess of the authorized amount. *Id*. at 29-40. The agency alleged that these improper transactions amounted to more than $42,000. *Id*. at 30-31, 35, 38. The second charge was based on the appellant, without authorization, driving a government vehicle to his residence and leaving it overnight before putting it to official use the following morning. *Id*. at 40.

¶3 The appellant filed a Board appeal and raised an affirmative defense of whistleblower reprisal. IAF, Tab 1 at 1-2, Tab 11 at 4. After a hearing, the administrative judge issued an initial decision affirming the removal and denying the appellant's whistleblower defense. IAF, Tab 26, Initial Decision (ID).

¶4 The appellant has filed a petition for review, disputing the administrative judge's penalty and whistleblower analyses. Petition for Review (PFR) File,

Tab 1 at 5. He also argues that the agency provided only its original Inspector General report, and not a copy of the revised report. *Id*. The agency has filed a response in opposition. PFR File, Tab 3.

¶5  Regarding penalty, the appellant argues that the agency failed to follow its progressive discipline policy as stated in its August 8, 2014 memorandum regarding the use of its Program Audit Tool.[2] PFR File, Tab 1 at 4. He asserts that this memorandum implements a policy of progressive discipline by providing that "misuse of the card will be disciplined up to and including removal from service," yet the agency immediately imposed the maximum penalty of removal. *Id*. He also argues that his attorney failed to question one of the witnesses at the hearing about progressive discipline. *Id*. The appellant further argues that he repaid all of the costs associated with his improper transactions, and that the agency therefore suffered no financial loss. *Id*.

¶6  Where, as here, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *See Woebcke v. Department of Homeland Security*, 114 M.S.P.R. 100, ¶ 7 (2010); *see also Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). In determining whether the selected penalty is reasonable, the Board gives due deference to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *Woebcke*, 114 M.S.P.R. 100, ¶ 7. The Board recognizes that its function is not to displace management's responsibility or to decide what penalty it would impose but to assure that management judgment has been properly exercised and that the penalty selected by the agency does not exceed the maximum limits of reasonableness. *Id*. Thus, the Board will modify a penalty

---

[2] The Program Audit Tool is a system that the agency uses to monitor its employees' travel card usage. IAF, Tab 10 at 2.

only when it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Id*.

¶7 Regarding the agency's alleged policy of progressive discipline contained in an August 8, 2014 memorandum, the appellant has not provided a specific record citation to the memorandum, and despite our independent search for it, we were unable to locate a copy. PFR File, Tab 1 at 5; *see* 5 C.F.R. § 1201.114(b) (a petition for review must be supported by specific references to the record). In any event, even assuming that there is such a memorandum containing the language that the appellant quotes in his petition for review, PFR File, Tab 1 at 5, we do not interpret this as creating a binding policy of progressive discipline on the agency. Instead, it provides for a wide range of penalties for travel card misuse, including removal, without mention of any requirement for disciplinary action. Furthermore, the appellant has not explained how the agency's December 13, 2013 removal decision should have been affected by a memorandum that was not issued until 8 months later. IAF, Tab 10 at 13. The appellant further argues that his representative failed to cross examine the Sales Performance Analyst involved in proposing his removal regarding her failure to use progressive discipline. PFR File, Tab 1 at 5. However, the appellant is responsible for the actions and inactions of his chosen representative. *See Larry v. Department of Justice*, 76 M.S.P.R. 348, 352 (1997). Therefore, the representative's failure to pursue this line of inquiry at the hearing provides no basis to disturb the initial decision.

¶8 Regarding the appellant's argument that the agency suffered no financial loss because of his misconduct, the agency does not seem to dispute this fact, PFR File, Tab 3 at 12, and we agree with the appellant that his travel card-related offense would have been even more serious had he absconded with agency funds, PFR File, Tab at 5. Nevertheless, even in the absence of financial loss to the agency, the appellant's frequently repeated misconduct of making hundreds of improper transactions over a 3-year period was serious, especially for a

managerial employee. *See Kennedy v. U.S. Postal Service*, [75 M.S.P.R. 281](), 286 (1997) (the appellant's status as a manager was an aggravating factor). Throughout this time period, the appellant essentially used his government travel card as his own personal credit card, and although he paid the balance in full when it was due, his actions were incompatible with the agency's responsibility to maintain appropriate controls over its travel card program. Hearing Compact Disc (HCD) (testimony of the deciding official). More importantly, regardless of the ultimate impact of his transgressions, the appellant knew or should have known that he was repeatedly violating agency rules, and this fact alone caused a serious breach of trust between him and his employer. ID at 10; HCD (testimony of the deciding official). Although there are some mitigating factors present, including the appellant's 5 years of excellent, discipline-free service, on balance we agree with the administrative judge that removal was within the tolerable limits of reasonableness for both sustained charges. ID at 10; *see Douglas*, 5 M.S.P.R. at 306.

¶9 The appellant also argues that the administrative judge "did not take seriously into consideration first the OIG [Office of Inspector General] complaints, then Whistleblower complaints filed against" the proposing and deciding officials. PFR File, Tab 1 at 5; IAF, Tab 23. Before the Board will undertake a complete review of the record, however, the petitioning party must explain why the challenged factual determination is incorrect, and identify the specific evidence in the record which demonstrates the error. *Weaver v. Department of the Navy*, [2 M.S.P.R. 129](), 133 (1980). The appellant's argument constitutes mere disagreement with the administrative judge's findings and credibility determinations on his whistleblower defense, and therefore provides no basis to grant the petition for review. *See id.* at 133-34.

¶10 Finally, the appellant argues that the agency failed to file a copy of its revised Inspector General report, which he claims contradicts the original "highly

prejudicial" report that the agency submitted below.[3] PFR File, Tab 1 at 5; IAF, Tab 10 at 44-738. The appellant's argument provides no basis to disturb the initial decision. To the extent that this revised report exists and the appellant wished for it to be included in the record, it was incumbent upon him to request it through the Board's discovery procedures, up to and including filing a motion to compel. *See* 5 C.F.R. §§ 1201.71-1201.74. The appellant's failure to file such a motion below precludes him from raising the issue on review. *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the

---

[3] The agency appears to deny the existence of a revised Inspector General report. PFR File, Tab 3 at 9.

date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both.  Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.